| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| JAVIER ALMEYDA VARGAS<br><br>Recurrido<br><br>v.<br><br>LEONARDO J. RIVERA MÉNDEZ, UNITED SURETY & INDEMNITY COMPANY<br><br>Recurrente | KLRA202300662 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor (DACO)<br><br>Caso número:<br>MAY-2022-0003137<br><br>Sobre:<br>Contrato de Obras y Servicios |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece la parte recurrente, Leonardo J. Rivera Méndez, y nos solicita la revisión de la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO) el 23 de octubre de 2023, notificada al día siguiente. Mediante el referido dictamen, el organismo administrativo ordenó al recurrente pagar $43,544.99 a la parte recurrida, Javier Almeyda Vargas, dentro del término de cuarenta y cinco (45) días, a partir de la notificación de la determinación.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 19 de agosto de 2022, Javier Almeyda Vargas (Almeyda Vargas o recurrido) incoó una *Querella* sobre incumplimiento de contrato de obras y servicios en contra de Leonardo J. Rivera Méndez (Rivera Méndez o recurrente).[1] Posteriormente, se enmendó la acción para añadir como parte coquerellada a United Surety & Indemnity Company (USIC).[2]

---

[1] Anejo D del recurso.
[2] Véase, *Enmienda a Querella* en el expediente administrativo.

Número Identificador

SEN2024 _____

Celebradas tres vistas administrativas y evaluadas las posturas de las partes, el 23 de octubre de 2023, notificada al día siguiente, el DACO emitió la *Resolución* que nos ocupa.[3] En esta, la agencia ordenó a Rivera Méndez pagar $43,544.99 a Almeyda Vargas, dentro del término de cuarenta y cinco (45) días, a partir de la notificación del dictamen.

En desacuerdo, el 13 de noviembre de 2023, tanto Rivera Méndez como USIC presentaron mociones de reconsideración, respectivamente,[4] las cuales no fueron consideradas por el DACO dentro del término estatuido para ello.

Inconforme, el 28 de diciembre de 2023, Rivera Méndez compareció ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

Erró el Honorable Departamento de Asuntos del Consumidor al establecer que el testimonio de la Sra. Loperena no mereció credibilidad por estar viciado de vaguedad sin poder establecer fechas, horario y poner en duda la obtención de los permisos.

Erró el Honorable Departamento de Asuntos del Consumidor al determinar el [i]ncumplimiento de [c]ontrato al establecer que la obra no fue terminada en el término acordado y establecer que el querellante se excedió de manera irrazonable en el término pactado[,] sin ordenar [a] realizar una inspección neutral por un [i]nspector del D[ACO] o[,] en su defecto[,] por un [i]nspector [e]xterno [n]eutral que no fuera viciado por alguna de las partes.

Erró el Honorable Departamento de Asuntos del Consumidor al darle credibilidad al testimonio del [i]ngeniero [c]ivil, el Sr. Rodríguez[,] y al estimado de costos de corrección presentado por el [i]ngeniero.

Erró el Honorable Departamento de Asuntos del Consumidor al ordenar a la parte querellada a pagar la cantidad de $43,544.99 dólares por concepto de incumplimiento de contrato, así como los defectos de [c]onstrucción[,] alegando que el Departamento no puede resolver el contrato[,] según solicitado por la parte querellante[,] ni ordenar a la Cooperativa a que entregue la suma de $19,500.00 al querellante para contratar [a] otro contratista que corrigiera las deficiencias.

En cumplimiento con nuestra *Resolución* del 10 de enero de 2024, la parte recurrente presentó una *Moción Acreditando Notificación de*

---

[3] Anejo G del recurso.
[4] Anejo H del recurso. Véase, además, *Moción de Reconsideración y Determinaciones de Hechos Adicionales* y *Reconsideración* en el expediente administrativo.

*Revisión Judicial Apelación [sic]*. Informó y evidenció que envió copia de la presente revisión judicial, debidamente ponchada, a la representación legal del recurrido y al DACO, el mismo día que instó el recurso, conforme a lo dispuesto en la Regla 58 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 58.

Así las cosas, el 23 de enero de 2024, el recurrido compareció mediante *Moción de Desestimación al Amparo de la Regla 83B*. En síntesis, alegó que no había recibido notificación del recurrente de alguna moción evidenciando la notificación a las partes. Asimismo, arguyó que, de la portada del recurso, así como de la certificación sobre notificación al final de este, no surgía que el recurrente le hubiese notificado del mismo a la coquerellada USIC, según requerido por la Regla 58 del Reglamento del Tribunal de Apelaciones, *supra*. Sobre ese particular, planteó que el recurso instado ante esta Curia nunca fue perfeccionado debido a la falta de notificación de la presente revisión judicial a la representación legal de récord de USIC o, en su defecto, a la referida compañía. Particularizó que USIC fue parte coquerellada del pleito en cuestión y fue igualmente afectada por la determinación del DACO, cuyo dictamen fue notificado a dicha parte. Argumentó que, al día de hoy, la parte recurrente no ha sometido evidencia de la notificación y tampoco ha presentado justa causa, conforme a derecho, por haber omitido a USIC de la adecuada notificación del recurso de epígrafe. Sostuvo que, transcurrido el término aplicable sin que se notificara de la presentación del recurso a una de las partes, procede la desestimación de la presente revisión judicial.

El 23 de enero de 2024, USIC compareció ante nos mediante *Moción Informativa en Cuanto a Moción de Desestimación*. Indicó y evidenció que el recurrente le notificó el presente recurso el 17 de enero de 2024. Adujo que, a pesar de no haber sido notificada el mismo 28 de diciembre de 2023 cuando se presentó la revisión judicial ante este Foro, no se había perjudicado por dicha dilación. Fundamentó su postura en que

aún estaba a tiempo para someter su alegato y que la posible revocación de la *Resolución* recurrida le beneficiaría.

Por su parte, al día siguiente, el recurrente se opuso a la solicitud de desestimación. Sostuvo que no fue hasta que el recurrido sometió su *Moción de Desestimación al Amparo de la Regla 83B* que se percató del error clerical en la certificación de la notificación, por ser USIC parte coquerellada del pleito de epígrafe. Argumentó que dicho error no afectó los derechos de las partes, en específico el de USIC, quien poseía el mismo interés que el suyo. Especificó que el error clerical surgía de la certificación de la notificación al final del recurso de revisión judicial radicado, pero que fue notificado a USIC, conforme este último informó en su comparecencia ante esta Curia. En vista de ello, solicitó que se declarara No Ha Lugar el petitorio desestimatorio, en aras de evitar un fracaso a la justicia y castigar a un litigante que mantiene interés en la causa de acción y no ha incurrido en conducta contumaz o incumplimiento con órdenes previas del Tribunal. Por otro lado, el mismo día, la parte recurrente sometió una *Moción Solicitando Término Adicional para Transcribir la Prueba Oral*.

En desacuerdo, el 25 de enero de 2024, la parte recurrida presentó una *Oposición a Término para Transcripción y Reafirmación sobre Desestimación*. En lo pertinente, planteó que, aun si el recurrente hubiese notificado el recurso, ello no subsanaba el error de jurisdicción planteado en su solicitud de desestimación original, pues USIC no fue notificada dentro del término aplicable, no se presentó evidencia de ello y tampoco se demostró justa causa para tal omisión. Enfatizó que, el mero hecho de que el recurrente mencionara en su oposición que USIC compareció ante este Tribunal notificando conocimiento del recurso, no constituía justa causa ni era evidencia necesaria para cumplir con la Regla 58 del Reglamento del Tribunal de Apelaciones, *supra*. Añadió que el argumento propuesto por el recurrente, referente a que USIC no había sufrido perjuicio ante la falta de notificación del recurso, no era justa causa para el incumplimiento con los términos jurisdiccionales. Reiteró que no se trataba de la dilación en la

notificación de la revisión judicial, sino de la omisión total de ello. Abundó que, aun asumiendo que el 17 de enero de 2024 se notificó el recurso a USIC, al presente, no se había presentado evidencia ni justa causa a esos efectos, por lo que reafirmó su solicitud de desestimación. En cuanto a la solicitud de término adicional para presentar una transcripción de la prueba oral, sostuvo que era tardía, toda vez que se presentó en exceso de los diez (10) días reglamentarios para ello.

Con el beneficio de las posturas de las partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *FCPR v. ELA et al.*, supra.

**B**

Cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group, Inc. v. Oriental Bank*, supra, págs. 386-387. A esos efectos, la Regla 83(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B), dispone que una parte podrá solicitar en cualquier momento la desestimación de un recurso cuando, entre otras cosas, el Tribunal de Apelaciones carece de jurisdicción. Asimismo, el inciso C de la citada Regla faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso ante la ausencia de jurisdicción.

Para lograr el perfeccionamiento adecuado de un recurso presentado ante este foro apelativo intermedio, es necesaria la oportuna presentación y notificación del recurso a las partes. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). Sobre este tema, la Regla 58 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58, establece los requisitos para la presentación del recurso de revisión judicial. La parte recurrente notificará el recurso de revisión, así como su apéndice, dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento. *Íd.* A su vez, la parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó a las partes y el cumplimiento con el término dispuesto para ello. *Íd.* La falta de oportuna notificación a todas las partes

en el litigio conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, supra, pág. 1071.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd*. Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si la parte recurrente cumplió con las disposiciones reglamentarias pertinentes para el perfeccionamiento del recurso. Veamos.

Luego de examinar detenidamente el recurso ante nos, constatamos que la parte recurrente no notificó oportunamente a USIC de la presentación de su recurso de revisión judicial ante esta Curia, en menoscabo de la Regla 58(B) de nuestro Reglamento, *supra*. Surge del expediente que la parte recurrente presentó su recurso ante este Foro en el último día hábil para ello (28 de diciembre de 2023), por lo cual, tenía hasta las 11:59 p.m. de ese mismo día para notificar una copia del recurso incoado a las partes envueltas en el pleito de epígrafe. No obstante, la parte recurrente admitió que no fue hasta que el recurrido solicitó la desestimación del recurso que se percató de lo que catalogó como error clerical en la certificación de la correspondiente notificación de USIC por ser, al igual que él, parte coquerellada del presente caso. Además, la propia USIC informó y evidenció que el recurso de revisión judicial le fue notificado el 17 de enero de 2024, es decir, vencido el término aplicable para ello.

Si bien es cierto que el término que provee la precitada Regla 58(B) de nuestro Reglamento es de cumplimiento estricto, la parte recurrente no acreditó justa causa para su incumplimiento. El recurrente se limitó a mencionar que dicho error de notificación no afectó los derechos de las

partes, en específico el de USIC, quien poseía el mismo interés que el suyo. Ello, no constituye justa causa, según definida por nuestro ordenamiento jurídico. Por consiguiente, carecemos de jurisdicción para atender y ejercer nuestra función revisora en el caso de autos.

En vista de lo anterior, ante a falta de notificación del recurso a todas las partes dentro del término aplicable, sin justa causa, resulta forzoso desestimar el recurso de epígrafe por falta de jurisdicción.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones